By the Court.
 

 The chief question in this controversy is the issue of fact whether the respondent Director of Highways is guilty of abuse of discretion in refusing to issue a requisition for the unpaid balance the relator claims is now due.
 

 The relator insists that it completed the construction work in conformity with the contract and that the respondent approved and accepted the work by opening the highway to unrestricted traffic December 23, 1943. The important contentions of the respondent are indicated in the following two paragraphs of his answer:
 

 . “Further answering this respondent says that the highway was opened, under the terms of the contract, because of' the urgent request of the United States War Department such action being necessary to ae- - commodate the traffic greatly increased by workers in the Cleveland Bomber Plant and that it was not practical to replace the slabs in the winter season. That at the time of said opening there were a number of concrete slabs that had been cracked by the relator when it operated a heavy concrete mixer thereon during the construction of adjacent lanes; that relator was notified before said highway was opened to traffic of the defective condition of said slabs and that they would have to be replaced before the job could be ac
 
 *295
 
 cepted but that relator refused and still refuses to do so. That relator has failed and refused to remove surface irregularities on the concrete pavement as disclosed by a profilometer test and has further failed and refused to raise the approach slabs to two bridge structures on said job as ordered by the respondent as another condition of acceptance. That it will be necessary to replace said slabs, remove said irregularities to raise the said approach slabs before the job is completed according to the plans and specifications and that it will necessitate the expenditure of several thousand dollars to properly complete the job.
 

 “Further answering the respondent says that the contract price for the project referred to with the change orders authorized under the contract totaled the sum of $1,319,355.49. That estimates for the completed work have been paid to relator as they became due and that said payments aggregate the sum of $1,-291,796.65. That the amount retained is for work that has not been performed and is subject to adjustment by the determination of the actual quantities of items of work performed under the contract. Respondent says he is willing and at all times has been willing to make final payment as soon as the relator completes the project in accordance with the plans and specifications.”
 

 The relator insists that the evidence is not in conflict; that the allegations of the petition are sustained by the evidence; and that there is no evidence to support the denials and allegations of the answer. A study of the depositions and exhibits discloses that these contentions of the relator are erroneous. In many respects the evidence is in sharp conflict. Work on the construction of the highway was commenced March 24, 1943, and there is evidence that on October 18 of
 
 *296
 
 that year the relator’s attention was called to the existence of certain cracked slabs of concrete; that on November 15 of that year .a letter was sent to the relator with a survey showing the location of these cracked slabs; that other cracked slabs were discovered; that the cracking of the slabs was due to the admitted fact that the relator had operated a heavy concrete mixer over the concrete; that slabs at the approaches to two overpasses had settled three inches below the level of the road; and that the requirement as to smoothness had not been met.
 

 However, the relator relies strongly upon the conceded fact that on December 23, 1943, the respondent opened the highway to unrestricted traffic. It is insisted that “thereby, the entire highway was approved and all retained percentages were required to be then forthwith released.” That this conclusion does not necessarily follow is demonstrated by the following unambiguous provisions of the specifications:
 

 “Failure to reject any’ defective work or material shall not in any way prevent later rejection when such defects be discovered, or
 
 obligate the state of Ohio to final acceptance. * *
 
 *.
 

 “The contractor will not be held responsible -for damages to accepted structures or to portions of a road which have been approved by the director and opened to traffic prior to final approval and acceptance of the road,
 
 provided such damages are due to extraordinary actions of the elements or
 
 to•
 
 the action of traffic.”
 
 (Italics supplied.)
 

 With the evidence ’ in irreconcilable conflict this court cannot hold that the relator has sustained the burden of proving the respondent guilty of abuse of discretion in refusing to perform an act specially en-
 

 
 *297
 
 joined by law. Tbe writ asked by tbe relator must be denied.
 

 Writ denied.
 

 Wbygandt, C. J., Zimmerman, Bell, Williams, Turner and Matthias, JJ., concur.
 

 Hart, J., not participating.